# IN THE UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| TOU HOUA THAO and THOR MEE YANG, | ) | Case No. 06-30019 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| TOU HOUA THAO and THOR MEE YANG, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Adversary No. 06-3029 |
| | ) | |
| FREEDOM BANK OF SOUTHERN | ) | |
| MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| THAI VANG and MAI YIA THAO, | ) | Case No. 06-30020 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| THAI VANG and MAI YIA THAO, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Adversary No. 06-3032 |
| | ) | |
| FREEDOM BANK OF SOUTHERN | ) | |
| MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| SHOUA XIONG and KA DEE YANG, | ) | Case No. 06-30021 |
| | ) | |
| Debtors. | ) | |
| | ) | |

*Caption continues on following page.*

| | |
|---|---|
| SHOUA XIONG and KA DEE YANG,         ) | |
|               Plaintiffs,         ) | |
|     v.                           ) | Adversary No. 06-3027 |
| FREEDOM BANK OF SOUTHERN  ) MISSOURI, et al.,          ) | |
|               Defendants.         ) | |

**MEMORANDUM ORDER**

In August 2006, the Debtors in each of the above-captioned bankruptcy cases filed an adversary proceeding against Freedom Bank of Southern Missouri ("Freedom Bank"), Jerry Glor, and Jerry Glor Appraisal Service, LLC. Freedom Bank provided the financing for all of the Debtors' poultry farming operations, and Jerry Glor Appraisal Service, LLC provided the appraisals of the Debtors' property for each of the loan transactions between the Debtors and Freedom Bank. Although the Plaintiff-Debtors in each proceeding are different, the Defendants are the same, and the allegations made against them are similar enough to permit the Court to issue a single memorandum order addressing the motions for abstention which the Defendants have filed in all three adversary proceedings. Each of the above-captioned adversary proceedings seeks damages against Freedom Bank and Jerry Glor (in his personal and corporate capacity) for breaches of fiduciary duty, fraud, and negligence.[1] The Defendants argue the Court should abstain from hearing these cases because, *inter alia*, they are based solely on state law and, at least with regard to Defendant Jerry Glor, they would need to be heard by a jury.

Upon consideration of the parties' arguments and relevant law, the Court has determined that permissive abstention is, indeed, appropriate in all of the above-captioned adversary proceedings.

---

[1] The Complaints also seek declaratory judgments against Freedom Bank relating to the validity, extent, and priority of its liens against the Debtors' property, based on the Freedom Bank's allegedly fraudulent acts. Determinations of the validity, extent, and priority of liens are certainly within the Court's core jurisdiction; however, abstention is still appropriate in these cases in view of the predominance of the fraud and negligence claims. Moreover, the claims challenging Freedom Bank's liens are likely precluded by the stipulations entered into by all of the Debtors and Freedom Bank wherein the Debtors acknowledge the validity of Freedom Bank's security interests.

## DISCUSSION

The source of the Court's authority to permissively abstain from exercising jurisdiction over a proceeding is found in 28 U.S.C. § 1334(c)(1), which provides:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11, or arising in or related to a case under title 11.

Because § 1334(c)(1) speaks only in general terms ("the interest of justice" and "the interest of comity") and does not clearly delineate any specific criteria for a court to reach a discretionary decision to abstain, the courts have developed several factors to determine whether to abstain, including:

(1) the effect or lack thereof on the efficient administration of the estate if a Court abstains;

(2) the extent to which state law issues predominate over bankruptcy issues;

(3) the difficult or unsettled nature of the applicable law;

(4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;

(5) the degree of relatedness to the main bankruptcy proceeding;

(6) the burden on the bankruptcy court's docket;

(7) the likelihood that one of the parties is forum shopping;

(8) the presence or necessity in the proceeding of non-debtor parties;

(9) the existence of a jurisdictional basis other than 28 U.S.C. § 1334;

(10) the existence of a right to a jury trial and whether the parties consent to jury trial in the bankruptcy court;

(11) the financial condition of the parties; and

(12) the case's status as a "related" matter rather than a core proceeding.[2]

---

[2] *See In re Williams*, 256 B.R. 885, 893-94 (B.A.P. 8th Cir. 2001) (citing *In re Phelps Technologies, Inc.*, 238 B.R. at 821 (Bankr. W.D. Mo.1999)).

The application of these factors is not a mechanical exercise. Courts apply these factors flexibly, their relevance and importance varying with the particular circumstances of each case, and with no one factor necessarily determinative.[3]

In this case, the Court finds that abstention is appropriate based on factors one, two, seven, nine, and ten.

First, abstention will not adversely affect the efficient administration of the Debtors' estates. As the Court stated in open court at the confirmation hearing in case number 06-30019 (the bankruptcy case associated with adversary proceeding number 06-3029) – the resolution of these adversaries has no relevance to the confirmation of the Debtors' chapter 12 plans because the adversaries do not challenge the amount of Freedom bank's claims; they only seek damages against Freedom Bank, Jerry Glor, and Jerry Glor Appraisal Service, LLC. And while those damages might be used as an additional source of income to fund a confirmed plan, the speculative nature of those damages precludes them from being considered a factor in determining the Debtors' ability to fund a plan or the feasibility of a plan. Additionally, the adversary proceedings are still in their "infancy," inasmuch as none of the Defendants has filed an answer yet, so refiling them in state court will not result in any great inefficiency or inconvenience to the parties or to the estate.

Second, state law issues do more than "predominate" the adversaries, they are the only issues implicated.

Third, the Court has found no evidence that the Defendants are forum shopping.

Fourth, there is no independent basis for this Court's jurisdiction over the claims asserted by the Debtors. The adversaries do not raise any issues of federal law,[4] nor is there diversity of citizenship which would confer jurisdiction on a federal court,[5] inasmuch as the uncontroverted statements (no evidence was offered) of Jerry Glor's counsel indicate that the parties are all legal residents of Missouri. If it were not for the bankruptcy proceeding, this cause of action could not be brought in federal court. "Abstention is ... appropriate where the action could not have been

---

[3] *Matter of Chicago, Milwaukee, St. Paul & Pacific Railroad Co.*, 6 F.3d at 1184, 1189 (7th Cir. 1993).

[4] *See* 28 U.S.C. § 1331.

[5] *See* 28 U.S.C. § 1332.

commenced in federal court absent bankruptcy jurisdiction and the issues can be timely adjudicated in state court."[6]

Fifth, and perhaps most importantly, Defendant Jerry Glor is entitled to a jury trial on the claims against him, but Freedom Bank arguably is not, because it has voluntarily submitted itself to this court's equitable jurisdiction by filing claims in the Debtors' cases. The adversaries allege that Defendant Glor committed fraud and negligence and seek damages against him for those acts. These are claims "at law" (versus equitable claims) to which the Seventh Amendment right to a jury trial attaches.[7] Furthermore, Defendant Glor has not waived his right to a jury trial, nor has he consented to a jury trial in the bankruptcy court. Therefore, the claims against him cannot be tried in this Court. It would be highly inefficient and burdensome on the litigants and the courts to try these issues against some defendants in state court and others in federal court.

Finally, the Court notes that the Debtors have not offered any persuasive arguments or evidence against abstention. The Debtors contend that the adversaries are "core" proceedings over which the Court would have jurisdiction because they are challenges to Freedom Bank's claim. However, except for the challenge to the validity of Freedom Bank's lien – which challenge is likely precluded by the Debtors' stipulations that Freedom Bank's liens are valid[8] – the only viable claims in the adversaries are "non-core," state-law claims against non-debtor parties.

At the pretrial hearing on these adversaries, the Debtors also argued that abstention here will cause some type of res judicata problem between the bankruptcy court and state-court proceedings, but (to the extent the Court can decipher the Debtors' argument here) the Court does not believe that abstention will adversely affect the administration of these cases due to the application of res judicata or any other preclusive doctrine.

Therefore, for the reasons stated above, it is

**ORDERED** that the Court will abstain from hearing adversary proceedings numbered 06-3027, 06-3029, and 06-3032, pursuant to 28 U.S.C. § 1334(c)(1).

---

[6] *National Union Fire Insurance Company of Pittsburgh, PA v. Titan Energy, Inc.* (*In re Titan Energy, Inc.*), 837 F.2d 325, 333 (8th Cir.1988).

[7] *See Savanna Place, Ltd. v. Heidelberg,* 122 S.W.3d 74, 80-81 (Mo. Ct. App. 2003).

[8] *See supra* n. 1.

**SO ORDERED** this 14th day of December, 2006.

  /s/ Jerry W. Venters
Hon. Jerry W. Venters
UNITED STATES BANKRUPTCY JUDGE

A copy of the foregoing was mailed
conventionally or electronically to:
J. Kevin Checkett
David A. Fielder
Mark M. Henry
David W. White
Jack W. Green